```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

CONNIE BERRY and J.W. BERRY, Individually
and as Co-Administrators of the
Estate of ERIC W. BERRY,                              PLAINTIFFS

    v.                  No. 2:12-CV-2269-RTD

BRANDON DAVIS and
THE CITY OF FORT SMITH, ARKANSAS                      DEFENDANTS

## ORDER

Currently before the Court is the Motion to Quash Subpoena with the supporting brief (Docs. 34-35) filed by Defendants Brandon Davis and the City of Fort Smith, Arkansas. On July 24, 2013, Plaintiffs' counsel issued a Subpoena to Attorney Wade, one of the attorneys for Defendants in this matter, directing Attorney Wade to appear for a deposition on Monday, July 29, 2013 at 11:00am. Defendants filed their motion to quash the afternoon of Friday, July 26, 2013.

Defendants state that "[u]pon inquiry, counsel for Plaintiff indicates the deposition will relate to Attorney Wade's service to the Fort Smith Police Department's Deadly Force Review Board ("Board") which was convened to review and evaluate the incidents surrounding the shooting death of Eric Berry." (Doc. 35). Defendants contend that the subpoena should be quashed pursuant to Federal Rule of Civil Procedure

45(c)(3)(A)(iii)[1] because it requires the disclosure of privileged, attorney-client communications.  Defendants further contend that the subpoena must be quashed pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv)[2] because it presents an undue burden.

Defendants argue that Attorney Wade's service to the Board was in his capacity as attorney for the City of Fort Smith, and any communications or advice exchanged between him and the Board are subject to the attorney-client privilege; therefore, Attorney Wade cannot be compelled to testify regarding that information pursuant to Rule 45(c)(3)(a)(iii) of the Federal Rules of Civil Procedure.  Defendants also argue that despite Plaintiffs having information noting Attorney Wade's role and capacity on the Board since February 25, 2013, Plaintiffs waited until within one week of the discovery deadline[3] to subpoena Attorney Wade as a potential witness.

---

[1] Rule 45(c)(3)(A)(iii) provides, "On <u>timely</u> motion, the issuing court must quash or modify a subpoena that: requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"  Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis added).

[2] Rule 45(c)(3)(A)(iv) provides, "On <u>timely</u> motion, the issuing court must quash or modify a subpoena that: subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv) (emphasis added).

[3] On February 4, 2013, the Court entered a Final Scheduling Order setting a discovery cutoff of July 1, 2013, as agreed by the parties.  (Doc. 15).  On July 12, 2013, on Plaintiffs' motion to enlarge scheduling order, the Court continued the trial date and extended the discovery deadline to August 1, 2013.

Plaintiffs did not respond to the motion. The Court is concerned about the timeliness of the issuance of the subpoena and filing of the motion.

The Court being well and sufficiently advised, finds that the motion (Doc. 34) should be and is hereby **GRANTED** and the deposition notice is quashed.

IT IS SO ORDERED this 29th day of July 2013.

                                          /s/ Robert T. Dawson
                                          Honorable Robert T. Dawson
                                          United States District Judge